**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **ERIC CADE,** | * | |
| Plaintiff, | * | |
| v. | * | Case No. RWT 15-cv-2488 |
| **PEPCO HOLDINGS, INC. et al.,** | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Plaintiff Eric Cade, proceeding *pro se*, filed a Complaint with this Court on August 21, 2015, against Defendants Pepco Holdings, Inc. ("PHI") and three of its officers making various allegations relating to a refused utility payment. ECF No. 1. Cade filed a Motion to Proceed *in forma pauperis* on that same day. ECF No. 2. PHI filed a Motion to Dismiss on October 14, 2015, arguing numerous grounds for dismissal. ECF No. 3. For the reasons that follow, PHI's Motion to Dismiss shall be granted.

In June of 2015, Cade attempted to pay his electric utility bill with a check marked "Not for Deposit EFT Only Discharge of Debt" in the amount of $3,055.50. ECF No. 1-7; *see* ECF No. 1, at 6. Cade's electric service provider did not credit Cade's account with the check's value, which exceeded the account balance. ECF No. 1, at 6–7. From this failure of payment, Cade asserts claims of fraud, conversion, and violations of various federal statutes. *Id.* at 7–12. In addition to declaratory and injunctive relief, Cade seeks damages in the amount of $100,000,000.00. *Id.* at 15. In support of his Complaint, Cade includes an exhibit, labeled "affidavit of fraud" that provides a flawed history lesson that makes nonsensical claims, including assertions that utility company invoices are actually dividends to be paid to consumers, that money is not real, and that the federal government is involved in a large-scale conspiracy to defraud the American people of wealth.

ECF No. 1-2.  Further, as noted in their motion, PHI is not an electric utility, thus not Cade's service provider, but rather holds stock in Cade's electric provider, Potomac Electric Power Company, and thus is an improper party.  ECF No. 3, at 3.  Accordingly, the Complaint appears frivolous on its face—one of its several infirmities.

**I.     This Court lacks subject matter jurisdiction because Cade has failed to exhaust statutorily provided administrative remedies.**

Under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3), an action must be dismissed when there is a lack of subject jurisdiction.  Cade attempts to establish this Court's original jurisdiction by invoking various federal statutes, like the Electronic Funds Transfer Act, as the basis for his claim.[1]  ECF No. 1; 15 U.S.C § 1693.  Even if the Complaint was not otherwise meritless, the cause of action presents a state-based utility service dispute.  The Maryland legislature empowered the Maryland Public Service Commission ("PSC") with the supervision and regulation of public service companies practicing in the state.  Md. Code, Pub. Util. §§ 2-112, 2-113.  The appeals process of decisions made by the PSC includes the Maryland Circuit Court and Maryland Court of Special Appeals.  Md. Code, Pub. Util. §§ 3-204, 3-209; *see generally* Md. Code, Pub. Util. §§ 3-202 (defining the judicial review process for claims).  Cade has not attempted to pursue the administrative resolution process, and as such, this Court lacks jurisdiction to decide this matter. *See Bell Atl. of Maryland, Inc. v. Intercom Sys. Corp.*, 782 A.2d 791, 796 (Md. 2001) ("Consumers must exhaust the statutory remedies provided therein [the Maryland Public Utility Code] before pursuing available independent judicial relief in the form of common law actions.").

---

[1] Among other reasons, this premise is flawed because a check, even with the phrase 'EFT' written on it, does not meet the definition of an Electronic Fund Transfer ("EFT").  *See* 15 U.S.C. § 1693a(7) ("the term 'electronic fund transfer' means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument").

**II.     Cade's filing appears to be the result of the "EFT Scheme" financial scam.**

An "EFT Scheme" is a well-documented financial scam inspired by the misinformation spread by a group called "the Sovereign Citizens movement."[2] Individuals involved in the scheme submit fraudulent checks from closed bank accounts with notations similar to that of Cade's in the hopes that a creditor will be deceived and release the debt without legal recourse.[3] District courts throughout the country repeatedly have denied relief for individuals engaged in this ruse. *See, e.g.*, *Stine v. Groff*, No. 2:14-CV-235, 2015 WL 5053676, at *6 (D. Vt. Aug. 26, 2015) (identifying multiple district courts that did not accept checks marked as "EFT ONLY FOR DISCHARGE OF DEBT" as valid payment orders).

Recently, Cade has frequented this Court with similar frivolous claims.[4] On the same day as the Complaint in this case was filed, Cade took similar action against Verizon. *Cade v. Verizon Fios & Wireless Commc'n*, No. 15-cv-02489-GJH (D. Md. Aug. 21, 2015), ECF No. 1, at 1. Including as exhibits the same affidavit regarding utility companies and another check marked "Not for Deposit EFT Only Discharge of Debt," Cade's Complaint sought damages again in the amount of $100,000,000.00. *Id.* at 10; *Cade v. Verizon Fios & Wireless Commc'n*, No. 15-cv-02489-GJH, ECF Nos. 1-5, 1-6. In a Complaint filed on August 10, 2015, Cade sought $7,000,000.00 in silver or gold bullion after his mortgage company refused a similar check marked with the "EFT" text. *Cade v. Chase Bank Mortg. Co.*, No. 15-cv-02352-GJH (D. Md. Aug. 10, 2015) ECF Nos. 1, at 11; 1-1. In another complaint filed that same day, Cade sought $50,000,000.00 against another mortgage company for parallel allegations. *Cade v. Ocwen Loan Serv.*, No. 15-cv-02354-PWG

---

[2] *See, e.g.*, Press Release, United States Department of Justice, *Defendant Charged In White Plains Federal Court With Bank Fraud And Stealing Nearly Half A Million Dollars From The IRS* (April 23, 2013), http://www.justice.gov/usao-sdny/pr/defendant-charged-white-plains-federal-court-bank-fraud-and-stealing-nearly-half.
[3] *See, e.g.*, Press Release, Federal Bureau of Investigation, *Two Plead Guilty in Debt Elimination Scheme* (June 22, 2015), https://www.fbi.gov/columbia/press-releases/2015/two-plead-guilty-in-debt-elimination-scheme.
[4] Cade is currently on Supervised Release from a 42-month prison sentence for felony convictions of Use of an Unauthorized Access Device, Bank Fraud, and Aggravated Identity Theft. *See* Judgment, *United States v. Cade*, No. 10-cr-00261-AW (D. Md. Sept. 2, 2011), ECF No. 33.

(D. Md. Aug. 10, 2015), ECF No. 1, at 17.  Cade appears to be making a practice of flooding the court system with frivolous, and potentially self-incriminating, litigation.[5]

### III.     Sanctions may be appropriate because the cause of action is meritless and intended to harass.

Cade will be required to show cause as to why sanctions are not appropriate under (1) 15 U.S.C. § 1693m(f); (2) Federal Rule of Civil Procedure 11(c)(3); or (3) under this Court's inherent authority.  *See Chambers v. NASCO*, 501 U.S. 32, 45–46 (1991).  Under 15 U.S.C. § 1693m(f), a court "shall award to the defendant attorney's fees" upon the Court's finding that an unsuccessful civil action brought under the Electronic Fund Transfers section was filed "in bad faith or for harassment."  Cade's repeated and meritless filings—inapplicable under the EFTA, *see supra* note 1—strongly indicate bad faith and harassment.  Second, as long as a court first issues a show cause order against the party proposed to be sanctioned, Rule 11(c) allows a court to impose a monetary sanction when a party brings a claim for "any improper purpose, such as to harass," a claim that is not warranted by existing law, or a claim using frivolous argument to advocate for the change of current or establishment of new law.  Finally, Federal courts retain inherent authority to sanction parties that have "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  *Chambers*, 501 U.S. at 45–46 (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–259 (1975)).  "[I]f a court finds that fraud has been practiced upon it, or that the very temple of justice has been defiled, it may assess attorney's fees against the responsible party."  *Id.* at 46 (internal citations omitted).

Against the backdrop of the "EFT Scheme," it defies logic that an individual would bring frivolous lawsuits for millions of dollars when his fraudulent (and potentially criminal) financial

---

[5] *See infra* note 6.

scams failed to deceive their targets.[6] These payments are not valid, and lawsuits surrounding them harass businesses with the unnecessary burden of defending against these actions in court. The Court will neither be a party to nor will it promote this type of extortionist behavior. Accordingly, without evidence to the contrary, this Court will impose sanctions against Cade for PHI's attorneys' fees associated with defending this case.

## CONCLUSION

The Court is without jurisdiction to hear this case due to Cade's failure to exhaust the administrative dispute resolution process, and therefore, the Complaint will be dismissed. The Court further finds that the Complaint is frivolous and intended to harass, and the Court will subject Cade to sanctions unless he can show cause for why such sanctions are not needed.

A separate Order will follow.


Date:  May 19, 2016                                          /s/
                                                   ROGER W. TITUS
                                          UNITED STATES DISTRICT JUDGE

---

[6] The Electronic Funds Transfer Act, upon which Cade attempted to rely on to establish this Court's original jurisdiction, outlines a maximum criminal penalty of ten years imprisonment and/or a $10,000 fine for attempting to defraud parties with fictitious payments. *See* 15 U.S.C § 1693n(b).