UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC CADE | * | |
| **Plaintiff** | * | |
| | * | **CASE NO: RWT 15-CV-2488** |
| v. | * | |
| PEPCO HOLDINGS, INC. *et al.,* | * | |
| **Defendants** | * | |

## AFFIDAVIT IN SUPPORT OF ATTORNEY'S FEES

I, **Brian E. Hoffman,** do hereby make Affidavit as follows:

1. That I am over eighteen (18) years of age and am competent to make this affidavit.

2. I am Assistant General Counsel for Pepco Holdings LLC, which was incorporated as Pepco Holdings, Inc. at all times relevant to this action.

3. I have personal knowledge of this action and personally defended the Defendants as corporate counsel serving in an in-house capacity. I am the only attorney of record for the Defendants.

4. Attached hereto and incorporated herein as **Exhibit 1** is a memorandum submitted in compliance with Local Rule 109.1(b) which addresses the matters required by the Court in its May 19, 2016 Order (Doc. No. 9) and Appendix B of the Local Rules.

5. The affirmation below shall apply equally to the matters submitted in Exhibit 1, which was also drafted by the undersigned.

6. I verify that the items claimed in the Bill of Costs and described in Exhibit 1 are correct, that the costs have been necessarily incurred in this case, and that the services for which fees have been charged were actually and necessarily performed.

**I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY AND UPON PERSONAL KNOWLEDGE THAT THE CONTENTS OF THE FOREGOING AFFIDAVIT ARE TRUE.**

6/2/16
Date

Brian E. Hoffman

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC CADE | * | |
|     Plaintiff | * | |
| | * | CASE NO: RWT 15-CV-2488 |
| v. | * | |
| PEPCO HOLDINGS, INC. *et al.*, | * | |
|     Defendants | * | |

## MEMORANDUM IN SUPPORT OF BILL OF COSTS AND ATTORNEY'S FEES
### (Local Rule 109.1(b))

COME NOW the Defendants, by and through their attorney Brian E. Hoffman, pursuant to this Court's May 19, 2016 Order (Doc. No. 9), Local Rule 109.1(b) and Appendix B to the Local Rules, and submits this Memorandum in support of the award of attorney's fees in favor of the Defendant and against the Plaintiff, and in support thereof states as follows:

Plaintiff sued Pepco Holdings, Inc. and several of its officers for $100,000,000 for alleged conversion, fraud, punitive damages, and violations of the Electronic Funds Transfer Act, Consumer Credit Protection Act, and Fair Debt Collection Practices Act. The Defendant(s) filed a motion to dismiss for procedural violations, joining improper parties, failure to state a claim upon which relief could be granted for each count, and lack of subject matter jurisdiction for failure to exhaust administrative remedies.  The motion included a request for statutory sanctions in the form of attorney's fees under the Electronic Funds Transfer Act which specifically authorizes them upon a finding that the



Plaintiff has used the Act in bad faith or to harass the Defendants.   15 U.S.C. § 1693m(f).  The dispositive motion was necessary under Federal Rules of Civil Procedure in order to properly defend the suit and to implement and prevent waiver of the required defenses.

On May 19, 2016 the Court granted the Defendants' motion to dismiss and directed that they file the instant submission in support of sanctions against the Plaintiff.

The undersigned serves as Assistant General Counsel for all companies at issue in this case.  As in-house corporate counsel handling a variety of matters, including matters in litigation, the undersigned generally does not track his hours on a case-by-case basis as is traditional with outside counsel affiliated with law firms.  In an effort to minimize costs, the undersigned defended this matter in-house and refrained from retaining outside counsel.

For this reason, counsel unfortunately has no time or labor records to submit to the Court and regrets that he cannot better assist the Court in assessing fees.  Wherefore, the Defendants defer entirely to the discretion, wisdom, and experience of the Court, without reservation, in determining a fair sanction.

Nevertheless, in an effort to otherwise comply with the Court's Order and the Rules of the Court, the Defendants observe the following.  The Defendants' Motion to Dismiss was 20 pages in length, and required significant legal research.  The motion itself and legal research necessary to prepare it was atypical of the types of cases handled by the Defendants' Legal Department, and Plaintiff's claims were uncommon and unusual to say the least.  Indeed, aside from the simultaneous companion case mentioned *infra*, the Defendants have not received a similar case to the memory of counsel.  Regular billing disputes are typically handled by the Defendants' regulatory attorneys before the Public

Service Commission, not its litigators in civil court—to say nothing of the particular yet inapplicable statutes invoked by the Plaintiff here.  Defendants' also filed a short Reply brief.

Undersigned is the only attorney employed by the Defendants capable and authorized to handle litigation before this Court, and this matter forced him to sacrifice attention to voluminous pressing matters in multiple jurisdictions and across the multiple companies he represents.  In addition to counsel, the Defendants were assisted by a law clerk and a legal assistant in managing this matter.

When the Defendants do retain counsel to litigate in this jurisdiction, rates range between $200 and $300/hr for typical tort/contract cases.  Counsel and his clients experienced no time limitations or abnormal expectations in relation to this defense.  The claim of $100,000,000 did cause some pause and concern, as Defendant Pepco Holdings, Inc. is a publicly traded company and a variety of reporting standards apply should such a claim legitimately be at stake.

Counsel for the Defendants has practiced law in this jurisdiction for Sixteen (16) years.  He has served as counsel for the Defendants for about three years.  As in-house counsel, undersigned was obligated to defend this matter having determined it was in the best interest of the client to forgo the expense of retaining outside counsel.

Finally, the Court should be aware that the instant matter was received and defended around the same time as the similar case of <u>William Thomas McCoy v. Pepco Holdings, Inc.</u>, Case No.:  GJH 15-CV-2487, also pending before this Court.  Because the cases were received in the same time frame, the legal research and some of the legal writing performed by Defendant's Legal Department were utilized in both cases, despite

the fact that the filing dates did not align. All fact investigation was conducted independently in both cases.

Respectfully submitted,

/s/ Brian E. Hoffman
Brian E. Hoffman #15150
701 Ninth Street, N.W., Suite 1100
Washington, DC 20068-0001
(202) 872-2123 (Office)
(202) 872-3281 (Fax)
E-mail: behoffman@pepcoholdings.com
Counsel for Pepco Holdings, Inc.
